BEFORE THE THIRD DIVISION, MARCH 29, 1944

No. 49298.—Protest 71630–K of Allen Forwarding Co. (Philadelphia).

KEEFE, Judge:   This case involves three entries covering importations of certain jute webbing.   Duty was assessed upon a total value found by multiplying the entered unit value by the net landed weight.   The plaintiff claims that duty should

have been assessed upon the basis of a value derived from a multiplication of the invoice weights and the unit entered value.

At the trial counsel for the plaintiff announced that the controversy here arises because the collector failed to liquidate the entries according to the appraised value. Leonard P. Friedman, a member of the firm of the plaintiff, testified that he made and filed the entries in question and explained the meaning of his entry figures. The examiner of the merchandise also testified for the plaintiff as to his action in the matter. The deputy collector in charge of liquidation testified for the Government as to the action of his office. Before discussing the testimony of the foregoing witnesses we feel that for the purpose of clarity we should show here what is disclosed by the invoice and entry papers.

In entry 5196 the invoice covers six different kinds of jute webbing. It is all 3½ inches wide by 72 yards long with the exception of one lot 4 inches wide. It is imported in rolls and invoiced at various prices per roll. The rolls weigh 6, 7, 9, 10½, 11½, or 12 pounds each, the 12-pound roll being 4 inches wide. The invoices also disclose the weight of the rolls in each lot and the "basis price 13¢ per lb." Taking the first item as an example, we find that the 80 bales therein contained 1,920 rolls of jute webbing of 7 pounds per roll, weighing in all 13,440 pounds. The invoice price is 91 cents per roll, and therefore the total value of 1,920 rolls at 91 cents per roll is $1,747.20. It may be here noted that the "basis price" of 13 cents per pound multiplied by 13,440 pounds equals the same, to wit, $1,747.20. This is true as to all of the items upon the invoice. Consequently the price per roll is based upon a standard weight of 6, 7, 9, 10½, 11½, or 12 pounds per roll multiplied by a unit of 13 cents per pound. Upon the amendment of the entry the unit of 13 cents per pound was increased to 15 cents per pound. The entry (5196) was made in language following:

Importer amends entered value to basis of 15¢ per pound cif
 Phila., viz;—
[Total invoice weight] 95,040 pounds @ 15¢ lb. cif_____ $14, 256. 00
N. D. Cif chgs. as per amended entry_____ 2, 146. 43

Amended entered value_____ $12, 109. 57

Entry 5796 covering the same kind of merchandise, having a total invoice weight of 45,600 pounds was not amended, but the invoice price was increased, the additions to make market value reading as follows:

Importer enters on basis of 15¢ lb. cif viz:—
45,600 lbs. @ 15¢ lb. cif_____ $6, 840. 00
Less N. D. chgs_____ 1, 052. 87

Dutiable value_____ $5, 787. 13

Entry 6936 covers the same kind of merchandise and was entered at 11³²⁄₁₀₀ cents per pound, net, packed. The protest so far as it covered said entry was abandoned at the trial.

The broker testified that the total value is calculated from the unit prices indicated in the invoice on the basis of the invoice weight. The collector liquidated on the basis of the net landed weight, which the broker claims is improper procedure, and contends the collector should have computed the price per pound and the specified weight per roll to obtain the price per roll. The witness insists that the language used in his amendment and addition for market value, as heretofore set out, refers only to an increase in the basic price as used in the original invoices to obtain the price per roll.

The examiner of the merchandise testified that the merchandise was appraised as entered; that it was not appraised in the unit of quantity in which such merchandise is usually bought and sold, that is, in a roll of 72 yards, but he appraised

it as entered at "so much per pound," and his action was approved by the appraiser; and that in making his answer to the protest, in stating that such merchandise was usually bought and sold in units of rolls of webbing, he was referring to a general practice and not to the particular entry or his returns therein.

The deputy collector testified that liquidation was made on the basis of the net landed weight and the unit value per pound, and the papers indicate that the price is in units per pound rather than in units per roll.

Counsel for the Government objected throughout the trial to the testimony of plaintiff's witnesses upon the ground that the question presented was essentially one of value and that the protest was lodged against the action of the appraiser, and moved that the protest be dismissed because the importer had adopted the wrong remedy. Ruling on the motion was reserved by the judge on circuit. The question presented is clearly one of weight and not of value. Therefore the motion to dismiss is denied.

From a consideration of the evidence and several exhibits in the case it is quite clear that it was the intention of the broker making the entry to raise the "basis price" per pound in the various rolls from 13 cents to 15 cents, but he did not actually do that, as shown by the foregoing entered figures. He entered the merchandise at the rate of 15 cents per pound, in units per pound rather than in units per roll, and extended the total value upon that basis. It is not the province of either the appraiser or the collector to attempt to interpret entries of merchandise upon the basis of what the entrant intended at the time entry was made. All the customs officials can do is to accept the entry at its face value. Here the broker entered at 15 cents per pound. The merchandise was appraised on that basis, and the collector properly figured the dutiable value by using the entered price per pound and the net landed weight.

For the reasons stated judgment will be entered in favor of the Government.